IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHANNAH BURTON, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | No. |
| v. | ) ) ) | |
| HODGSON MILL, INC., | ) ) ) | Jury trial demanded |
| Defendant. | ) | |

**<u>NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL</u>**

Defendant Hodgson Mill, Inc., by its attorneys, reserving any and all defenses and exceptions, hereby removes this action from the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, to the United States District Court for the Southern District of Illinois. In support of this Notice of Removal, defendant states:

1. On or about February 12, 2016, plaintiff initiated this action on behalf of herself and a proposed class by filing a Class Action Complaint against defendant in the Twentieth Judicial Circuit, St. Clair County, Illinois. On August 24, 2016, plaintiff was granted leave to file the First Amended Class Action Complaint which was deemed filed instanter. The Twentieth Judicial Circuit, St. Clair County, Illinois is within the United States District Court for the Southern District of Illinois, and venue is proper.

2. Copies of all process, pleadings, and orders served upon defendant are attached and marked "Exhibit A" and incorporated by reference.

3. This Notice of Removal is timely under 28 U.S.C.A. §§ 1446(b), 1453(b). This Notice of Removal has been filed in this court within thirty days of the date on which defendant was served with the First Amended Complaint on August 24, 2016. Plaintiff's original

Complaint alleged a purported class only of Illinois residents. Because defendant is a citizen of the State of Illinois, there was no minimum diversity under the First Amended Complaint. However, plaintiff's First Amended Complaint filed on August 24, 2016 seeks a nationwide class which establishes minimal diversity and triggers removal.

    4.    This Court has jurisdiction of this case under 28 U.S.C.A. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"). CAFA's intent "is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications" and "its provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant," considering that such class actions usually have "significant implications for interstate commerce and national policy" (S. Rep. 109-14). Removal to this Court and jurisdiction in this court are proper because:

    a.    The defendant shows that all plaintiffs and proposed class members are citizens of every state of the United States, as set forth in the First Amended Complaint which proposes a nationwide class of consumers. The defendant is a citizen of the State of Illinois, incorporated in the State of Illinois, with its principal place of business in the State of Illinois. Accordingly, there is minimal diversity under CAFA because at least one class member is a citizen of a state different from defendant.

    b.    The First Amended Complaint states that its proposes class is a nationwide class of consumers who purchased one or more of five of defendant's products. The number of persons in the putative class easily exceeds 100.

    c.    As defined by CAFA, the amount in controversy exceeds the sum of $5 million, exclusive of interest and costs, based on the First Amended Complaint's allegations of the nationwide size of the proposed class, the allegation that plaintiff and the purported class

2

seek relief for five different products made by defendant and sold in the last five years, and the fact that its purported members seek, among significant other relief, compensatory damages, disgorgement, restitution, injunctive relief, and attorney's fees and litigation costs. Plaintiff's claimed damages exceeds $5 million in the aggregate based on the amount of sales for the five products complained of in the last five years.

        d.    It is well settled that, in appropriate cases, punitive damages can be reckoned into the jurisdictional amount for diversity purposes. "[W]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount." *Sharp Elecs. Corp. v. Copy Plus, Inc.*, 939 F.2d 513, 515 (7th Cir. 1991), quoting *Bell v. Preferred Life Soc'y*, 320 U.S. 238, 240 (1943). "Where punitive damages are required to satisfy the jurisdictional amount in a diversity case, a two-part inquiry is necessary. The first question is whether punitive damages are recoverable as a matter of state law." *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir. 1995). "If the answer is yes, the court has subject matter jurisdiction unless it is clear 'beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount.'" *Id.* at 1212, quoting *Risse v. Woodard*, 491 F.2d 1170, 1173 (7th Cir. 1974).

Plaintiff asserts a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 et seq., alleging "deception, fraud, false pretenses, false promises, misrepresentation, and unfair practices" (FAC, ¶ 44), predatory behavior (FAC, ¶ 45), and "immoral, unethical, unscrupulous" conduct (FAC, ¶ 48). Therefore, punitive damages may be available on plaintiff's ICFA claim based on the allegations in the FAC. *See Smith v. Prime Cable of Chicago*, 658 N.E.2d 1325, 1336 (1st Dist. 1995) (in ICFA cases, "[p]unitive damages,

while disfavored, . . . are recoverable where the alleged misconduct is outrageous either because the acts are done with malice or an evil motive or because they are performed with a reckless indifference toward the rights of others.") (citations omitted). Assuming that plaintiff can recover punitive damages on its ICFA claim in a ratio of approximately three times actual damages, and further assuming that plaintiff's damages are representative of the proposed class as a whole, such damages would also satisfy the jurisdictional minimum amount for purposes of federal diversity jurisdiction under the CAFA. *See Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 317-18 (7th Cir. 1996) (suggesting that, when reckoning punitive damages into the jurisdictional amount for diversity purposes, an appropriate ratio of punitive damages to actual damages is 3:1).

5. Written notice has been properly mailed this date to plaintiff's attorneys of record.

6. A copy of this Notice of Removal is being filed with the clerk of court in the record of Case No. 16-L-88 in the civil district court for the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois.

7. This Notice of Removal is filed subject to and without waiver of any defenses or objections to the FAC that defendant may have.

WHEREFORE, defendant Hodgson Mill, Inc. hereby removes this case so that the entire state court action No. 16-L-88 in the civil district court for the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois is removed to this Court for all further proceedings.

Respectfully submitted,

BOYLE BRASHER LLC


<u>/s/ Mark M. Favazza</u>
Charles J. Swartwout, #06190655
Mark M. Favazza, #06284799
David B. Schneidewind, #06273495
5000 West Main Street
PO Box 23560
Belleville, IL 62223-0560
(618) 277-9000
cswartwout@boylebrasher.com
mfavazza@boylebrasher.com
dschneidewind@boylebrasher.com

ATTORNEYS FOR DEFENDANT,
HODGSON MILL, INC.

5

## CERTIFICATE OF SERVICE

I certify that on the 23rd day of September, I electronically filed a copy of the foregoing document with the clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ Mark M. Favazza